UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENNIS LYNN HARRIS, JR.,

                      Plaintiff,

v.                                               Case No. 23-cv-1220-pp

MANITOWOC COUNTY JAIL,

                      Defendant.

**ORDER DIRECTING PLAINTIFF TO SUBMIT COMPLETE TRUST ACCOUNT STATEMENT FOR THE PREVIOUS SIX MONTHS OR THE COURT WILL DISMISS CASE**

On September 13, 2023, plaintiff Dennis Lynn Harris, Jr., an incarcerated person who is representing himself, filed this lawsuit under 42 U.S.C. §1983. The same day, the Clerk of Court sent the plaintiff a letter directing that within twenty-one days, the plaintiff must file a completed magistrate judge consent form and a certified copy of his institutional trust account statement for the past six months. Dkt. No. 3. The letter advised the plaintiff that his failure to comply with those requirements could result in the dismissal of his case without further notice. Id.

The twenty-one-day deadline has passed, and the court has received from the plaintiff the magistrate judge consent form. But the court has not received his institutional trust account statement. The plaintiff included a letter with his magistrate judge consent form explaining that he requested a copy of his trust account statement, but that "the jail administrator refuses to issue it to [him]." Dkt. No. 4-1. He filed a receipt dated September 13, 2023 (the

same day he filed his complaint), from his purchase of an "Indigent Kit" and an "Indigent Writing Kit," which totaled $4.58. Dkt. No. 4-2. The form shows that the plaintiff's "End Balance" after this purchase was "$0.00." The plaintiff asks the court to accept this receipt in lieu of his trust account statement. Dkt. No. 4-1.

The court cannot accept the receipt in place of the plaintiff's trust account statement because it contains only his purported end balance on one day in September 2023. The plaintiff must file a full trust account statement that shows the withdrawals and deposits from his prison account for the six months before he filed his complaint. The plaintiff must file that information under 28 U.S.C. §1915(a)(2) so the court can calculate his initial partial filing fee, which he must pay before the court will allow him to proceed and will screen his complaint. See 28 U.S.C. §1915(b).

The court will give the plaintiff a final opportunity to comply with the court's orders. If the plaintiff wishes to proceed with this case, he must file a complete, certified copy of his trust account statement for the six months before he filed this lawsuit, as the clerk's office told him to. This statement must include all activity in his trust account, including all deposits to and withdrawals from the account, for the six months before he filed his complaint. The plaintiff may wish to provide this order to the administrator at his jail as proof that he needs a certified copy of his institutional trust account statement. In the alternative, the plaintiff may file a letter explaining why he is unable to file the trust account statement.

The court **ORDERS** that by the end of the day on **November 3, 2023**, the plaintiff must file with the court a complete, certified copy of his prison trust account statement for the six months immediately before he filed this lawsuit. That means that the plaintiff must file his trust account statement in time for the court to *receive it* by the end of the day on November 3, 2023. If the court does not receive the plaintiff's complete trust account statement or a written explanation of why he cannot provide it by the end of the day on November 3, 2023, the court will dismiss his case without further notice for failure to diligently pursue it.

Dated in Milwaukee, Wisconsin this 12th day of October, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**