UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

DENNIS LYNN HARRIS, JR.,

                Plaintiff,

v.                                                         Case No. 23-cv-1220-pp

MANITOWOC COUNTY JAIL,

                Defendant.

─────────────────────────────────────────────

**ORDER EXTENDING TIME FOR PLAINTIFF TO SUBMIT COMPLETE TRUST ACCOUNT STATEMENT FOR PREVIOUS SIX MONTHS OR FACE DISMISSAL OF HIS CASE**

─────────────────────────────────────────────

On October 12, 2023, the court ordered that by November 3, 2023, plaintiff Dennis Lynn Harris, Jr. must file a complete, certified copy of his trust account statement for the six months before he filed this lawsuit, or the court would dismiss the case for his failure to diligently prosecute it. Dkt. No. 5. The court noted that the plaintiff "may wish to provide this order to the administrator at his jail as proof that he needs a certified copy of his institutional trust account statement." Id. at 2. The court also explained that alternatively, the plaintiff "may file a letter explaining why he is unable to file the trust account statement." Id.

On October 27, 2023, the court received a letter from the plaintiff in which he says that he is "unable to submit the statement." Dkt. No. 6. The plaintiff says that he "requested the jail to give [him] one [a copy of his trust account statement] but due to [his] indigent status [he has] followed the grievance process and mentioned to them their handbook states, to give [him]

1

legal copies regardless of indigent status and the jail still refuses to issue [him] copies." Id. He says he has no friends or family who can help him get a copy of the statement or put money on his account. Id. The plaintiff says he has "exercised all resources to try and get the trust account statement and been unsuccessful." Id. He asks that the court "accept this letter in lieu of the statement." Id. The plaintiff does not say whether he showed jail officials the court's order when he asked them for a copy of his trust account statement.

The court advises the plaintiff that it is his responsibility to obtain the trust account statement and have jail officials send it to the court. Again, the plaintiff may show jail officials this order or the previous order so that they know why he needs a copy of the statement and where to send it. He does not need to follow the grievance process; he should ask the jail administrator or the jail's business office to forward to the court his trust account statement for the six months before he filed his complaint. The plaintiff *must* provide his trust account information to the court before he may proceed. See 28 U.S.C. §1915(a)–(b).

The court will send a copy of this order to the Manitowoc County Sheriff.

The court will extend the deadline for the plaintiff to file his trust account statement with the court. The court **ORDERS** that by the end of the day on **December 1, 2023**, the court must receive from the plaintiff a complete, certified copy of his prisoner trust account statement for the six months immediately before he filed this lawsuit—that is, March 2023 through August 2023. If the court does not receive the plaintiff's complete trust account

statement—or a written statement from the plaintiff that he showed prison officials the court's order and they still refused to send the trust account statement—by the end of the day on December 1, 2023, the court will dismiss his case without further notice for his failure to diligently pursue it.

Dated in Milwaukee, Wisconsin this 9th day of November, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**