UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENNIS LYNN HARRIS, JR.,

     Plaintiff,

v.            Case No. 23-cv-1220-pp

MANITOWOC COUNTY JAIL,

     Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

Dennis Lynn Harris, Jr., who was incarcerated at the Manitowoc County Jail when he filed this lawsuit,[1] is representing himself and filed a complaint under 42 U.S.C. §1983, alleging that the defendant failed to treat his medical issues. This order resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the

---

[1] According to the "Prisoner Listing" for the Manitowoc County Jail, the plaintiff is no longer in custody there. https://manitowoccountywi.gov >PrisonerListing. The plaintiff neither informed the court that he had been released nor provided the court with his updated mailing address.

1

plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On November 17, 2023, the court ordered that the plaintiff would not be required to pay an initial partial filing fee. Dkt. No. 9. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the full $350 filing fee as he is able.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

"accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The complaint names the Manitowoc County Jail as the only defendant. Dkt. No. 1 at 1. The plaintiff alleges that he has been incarcerated at the jail since June 15, 2023. Id. at 2. He says the jail's doctor, Dr. Torres, received the plaintiff's medical records "from the VA Hospital." Id. Dr. Torres told the plaintiff "that she would not administer [his] medications nor would she administer alternatives." Id. She did not give the plaintiff any reason why she

3
Case 2:23-cv-01220-PP   Filed 01/03/24   Page 3 of 8   Document 10

would not provide him medication. Id. The plaintiff alleges that without medications, his "cardiac and neurological illnesses have persisted." Id. at 2.

The plaintiff seeks compensatory damages "for medical distress." Id. at 4. He also asks the court to order the jail to provide him "a second opinion from a different medical prof[]es[s]ional" and to pay his "additional medical expenses [he has] incurred due to their negligence." Id.

C. Analysis

The plaintiff does not say whether he was at the jail as a pretrial detainee or because he has been convicted of a crime.[2] The Wisconsin Circuit Court Access website shows that a criminal complaint was filed against the plaintiff on May 25, 2023; as he says in the complaint, he has been at the jail since June 15, 2023. On September 28, 2023, the plaintiff pleaded no contest to two charges and was sentenced to four years' probation. The state court entered judgment of his conviction on October 6, 2023. See State v. Harris, Manitowoc County Case Number 2023CF399, (available at https://wcca.wicourts.gov/case.html. The court received the plaintiff's complaint on September 13, 2023, before he pleaded no contest and was sentenced in his state case. That means that at the time the plaintiff filed this lawsuit, he was a pretrial detainee. See Lewis v. Downey, 581 F.3d 467, 474 (7th Cir. 2009)

---

[2] As of the date of this order, the plaintiff is not listed as being housed at the Manitowoc County Jail. https://manitowoccountywi.gov > Prisoner Listing.

4

(citing Ingraham v. Wright, 430 U.S. 651, 671 n.40 (1977), and Graham v. Connor, 490 U.S. 386, 394 (1989)).

Because the plaintiff was a pretrial detainee, the court analyzes his denial of adequate medical care claim under the Fourteenth Amendment. Miranda v. County of Lake, 900 F.3d 335, 352 (7th Cir. 2018) (citing Kingsley v. Hendrickson, 576 U.S. 389 (2015)). To proceed on this claim, the plaintiff must show that 1) "the 'defendants acted purposefully, knowingly, or perhaps even recklessly'" and 2) "the defendants' actions were [not] 'objectively reasonable.'" Pittman by & through Hamilton v. County of Madison, Ill., 970 F.3d 823, 827 (7th Cir. 2020) (quoting Miranda, 900 F.3d at 353–54). Neither negligence, gross negligence nor medical malpractice amount to deliberate indifference. See Miranda, 900 F.3d at 353. The plaintiff's allegations must show "'more than negligence but less than subjective intent—something akin to reckless disregard'" to proceed on a Fourteenth Amendment claim. Id. at 353–54 (quoting Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018)).

The plaintiff's allegations are sparse. He alleges that while he has been incarcerated at the jail, Dr. Torres has refused to provide him medications despite having his medical records. The plaintiff alleges that Dr. Torres did not provide his previous medications, nor did she provide him any alternate medications. He says she did not tell him why she would not prescribe him medication. These allegations suggest that Dr. Torres knows about the plaintiff's medical issues but has chosen not to provide him any medication. The decision not to provide the plaintiff medication for his known medical

issues does not appear to be objectively reasonable based on these spare facts, and the plaintiff alleges that his conditions have worsened because of Dr. Torres's decision. The court will allow the plaintiff to proceed on this Fourteenth Amendment claim.

The plaintiff may not proceed against the jail, which is the only named defendant. The Manitowoc County Jail is not a "suable entity," Smith v. Knox Cnty. Jail, 666 F.3d 1037, 1040 (7th Cir. 2012); it is a unit of the Manitowoc County Sheriff's Department, which itself is not suable. See Whiting v. Marathon Cnty. Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004). The court will substitute Dr. Torres as the defendant in place of the jail because she is the only person against whom the plaintiff directs his allegations. See Donald v. Cook Cnty. Sheriff's Dep't, 95 F.3d 548, 555–56 (7th Cir. 1996) (noting that courts are charged with assisting *pro se* litigants who state allegations against individuals not necessarily named in the caption of their complaint).

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** defendant Manitowoc County Jail and **ORDERS** that the Clerk of Court shall substitute Dr. Torres as the defendant in place of the Manitowoc County Jail.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the complaint and this order on defendant Dr. Torres at the Manitowoc County Jail under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals

Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** Dr. Torres to file a responsive pleading to the complaint.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and completing dispositive motions.

The court **ORDERS** that the plaintiff must pay the $350 statutory filing fee as he is able.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. *The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.*

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 3rd day of January, 2024.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**